IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY ___ D.C.

05 MAY 12 AM 11: 22

ROBERT ___
CLERK, U.S. D? TROLIO
W.D. OF TN. DIST. CT.
MEMPHIS

```
CARLINE CRAWFORD,              )
                              )
        Plaintiff,            )
                              )
vs.                           )        No. 04-2720-B/P
                              )
MUVICO THEATERS, INC.,        )
                              )
        Defendant.            )
                              )
```

## ORDER GRANTING PLAINTIFF'S MOTION FOR JURY TRIAL

Before the Court is Plaintiff Carline Crawford's Motion for Jury Trial, filed on April 28, 2005 (dkt #13).  Defendant Muvico Theaters, Inc. filed its response on May 4, 2005.  For the following reasons, the motion is GRANTED.

### I. BACKGROUND

Plaintiff Carline Crawford filed a pro se complaint alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., on September 13, 2004.  On February 3, 2005, at the scheduling conference, plaintiff asked the court for a jury trial and was instructed to file a motion.  On April 28, 2005, plaintiff filed the present motion for jury trial.

### II. ANALYSIS

In a case in which a party has a right to a trial by jury, a

This document entered on the docket sheet In compliance
with Rule 58 and/or 79(a) FRCP on 5-13-05



demand for a jury trial must be made by "serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue...." Fed. R. Civ. P. 38(b). Although a failure to make this timely demand results in a waiver of the right, Rule 39(b) provides, "notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues." Fed. R. Civ. Pro. 39(b). A district court has broad discretion in ruling on a Rule 39(b) motion and should exercise such discretion in favor of granting a jury trial where there are no strong and compelling reasons to the contrary. Kitchen v. Chippewa Valley Schools, 825 F.2d 1004, 1013 (6th Cir. 1987).

Defendant cites Misco, Inc. v. Steel Corp., 784 F.2d 198 (6th Cir. 1986), for the proposition that the district court should deny a Rule 39(b) motion where the only reason for not timely making a jury demand is mere inadvertence. The Misco court ruled, however, only that a court's denial of a Rule 39(b) motion for mere inadvertence is generally not an abuse of discretion. Id. at 205; See also Moody v. Pepsi, 915 F.2d 201, 207 (6th Cir. 1990)("the court's discretion should be exercised in favor of granting a jury trial where there are no compelling reasons to the contrary").

Moreover, the <u>Misco</u> court observed that "[w]e note that different policy considerations may be applicable if the party ... is proceeding pro se." <u>Misco</u> 784 F.2d at 205 n.8. In this case, the plaintiff filed a pro se complaint.  While this reason alone does not excuse her failure to make a timely demand for a jury trial, her pro se status should be taken into account when determining whether there are compelling reasons to deny a Rule 39(b) motion.  <u>See</u> <u>Haines v. Kerner</u> 404 U.S. 519, 520 (1972).

In addition, plaintiff expressed her desire for a jury trial earlier at the scheduling conference on February 3, 2005, giving fair warning to the defendant that she intended to file this motion.  Moreover, the trial is not set until January of 2006, which gives the defendant plenty of time to prepare for a jury trial.  Therefore, no prejudice or harm to the defendant will result from granting the motion.

### III. CONCLUSION

Accordingly, the Court GRANTS the motion for jury trial.

IT IS SO ORDERED.

TU M. PHAM
United States Magistrate Judge

5/12/05
Date

-3-

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 17 in case 2:04-CV-02720 was distributed by fax, mail, or direct printing on May 13, 2005 to the parties listed.

---

John W. Simmons
KIESEWETTER WISE KAPLAN SCHWIMMER & PRATHER
3725 Champion Hills Dr.
Ste. 3000
Memphis, TN 38125

Carline Crawford
504 Haynes
Mphs, TN 38111

Honorable J. Breen
US DISTRICT COURT